

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

THE MANUFACTURERS LIFE )
INSURANCE COMPANY (U.S.A.), a )
Michigan Corporation, )
                                          )
                  Plaintiff, )
                             )
            v. )      No. 04 C 8105
                             )
1 ANIMATION NETWORK, INC., an )
Illinois Corporation, DREAMATION )
STUDIOS, INC., an Illinois Corporation, )
BROOKE ENGLISH and LEE LITAS, )
                                          )
                  Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss Count II and in the alternative for a more definite statement as to Count II. This matter is also before the court on Defendants' motion to dismiss Count III and in the alternative for a more definite statement as to Count III. For the reasons stated below, we deny the motion to dismiss Count II and grant the motion to dismiss Count III. We deny both motions for a more definite statement.

## BACKGROUND

Plaintiff Manufacturers Life Insurance Company ("MLI") alleges that on June 18, 2004, Defendant 1 Animation Network, Inc. ("Animation") entered into an agreement with MLI to lease a property in Buffalo Grove, Illinois ("lease agreement"). MLI alleges that it acted as the landlord under the lease and that the lease term was from June 18, 2004 to June 30, 2011. MLI claims that Animation has not made any rent payments and that Animation owes MLI for past due rent and the security deposit amount. MLI also alleges that Defendants Dreamation Studios, Inc. ("Dreamation"), Brooke English ("English"), and Lee Litas ("Litas") are the alter egos of Animation. MLI contends that Animation and Dreamation were under the common control and management of English and Litas. MLI includes in its complaint a breach of contract claim against Animation (Count I), a breach of contract claim against Dreamation, English, and Litas (Count II), and a fraudulent inducement claim against Dreamation, English, and Litas (Count III).

## LEGAL STANDARD

In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff,

construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *See also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004)(stating that although the "plaintiffs' allegations provide[d] little detail. . . [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief."). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 445-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a "cause of action. . . .'" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that a "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later.").

The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251.

## DISCUSSION

### I. Breach of Contract Claim Against Dreamation, English, and Litas (Count II)

Defendants argue that, as to Count II, MLI has failed to allege sufficient facts to state a breach of contract claim. Defendants contend that a plaintiff is required to allege four elements in order to state a claim for breach of contract. However, Defendants support this assertion with an Illinois state court case which does not control the requisites under the federal notice pleading standard. As is indicated above, under current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a "cause of action. . . ."' *Sanjuan*, 40 F.3d at 251; *see also Head v. Chicago School Reform Bd. of Trustees*, 225 F.3d

794, 801 (7th Cir. 2000)(stating that the plaintiff was not required under the notice pleading standard to "plead[] sufficient facts to establish the legal elements of his claim.").

Defendants also complain that MLI generally bases its piercing the corporate veil theory on inadequate capitalization, but the complaint does not specify the precise basis for piercing the corporate veil as to each Defendant other than Animation. (Mot II 3). The specificity sought by Defendants is not required under the notice pleading standard. Defendants would have MLI present all of its positions and arguments pertaining to the liability of each Defendant, but such matters are not required at the pleading stage. Defendants stand in essence challenging MLI to point to evidence to support its theories and Defendants claim victory in the absence of the mention of such detailed facts and evidence in the complaint.

Defendants go into great depth in their motion to point out that MLI has not alleged facts that show that MLI will be able to proceed under the piercing the corporate veil theory and succeed on the merits. However, Defendants are prematurely attempting to argue the merits of MLI's claims. For instance, Defendants argue that MLI "cannot close its eyes to obvious facts" and that MLI "knew that . . . 1 Animation was a newly formed corporation," that MLI "knew that . . . it failed to verify 1 Animation's net worth," and that MIL was aware of other

pertinent facts that would undermine the likelihood of MLI's success on the merits of its claim under the piercing the corporate veil theory. (Mot. II 7). Such arguments regarding the merits of MLI's claim are premature at this juncture. Defendants even go so far as to state that, based on the evidence pointed to by Defendants, "Plaintiff *cannot allege* that the adherence to 1 Animation's separate corporate existence would 'sanction a fraud, promote injustice, or promote inequitable consequences.'" (Mot. II 8)(emphasis added). However, MLI, as the plaintiff in this action, can "allege" whatever facts it deems can be properly alleged in good faith. MLI is the master of its complaint and, for the purposes of ruling on a motion to dismiss, all of MLI's allegations must be accepted as true. *Thompson*, 300 F.3d at 753. Thus, Defendants' argument that MLI cannot allege certain facts in its complaint because there is contrary evidence is an improper argument for a motion to dismiss. Whether or not MLI will be able to show that Litas, English, and Dreamation are the alter ego of Animation and that Animation breached the lease agreement is a matter that will be addressed further on in these proceedings. *See Higgs*, 286 F.3d at 439 (stating that under the notice pleading standard, plaintiffs "don't have to plead legal theories."). MLI alleges in its complaint that entered in a lease agreement with Animation and that Animation is not paying the rent owed under the lease. MLI also specifically alleges that the other Defendants are the alter ego of Animation. Such

allegations are sufficient to state a breach of contract claim. Therefore, we deny Defendants' motion to dismiss Count II.

Defendants have also moved in the alternative for a more definite statement in regards to Count II pursuant to Federal Rule of Civil Procedure 12(e). However, for the reasons explained above, MLI has provided defendant with the operative facts in regards to Count II. The detailed information regarding MLI's claims sought by Defendants is a matter to be addressed during discovery rather than at the initial pleading stage. Therefore, we deny Defendants' motion for a more definite statement as to Count II.

## II. Fraudulent Inducement Claim (Count III)

Defendants move to dismiss the fraudulent inducement claim in Count III. Pursuant to Federal Rule of Civil Procedure 9(b)("Rule 9(b)"), "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). In order to allege "the circumstances" referred to in Rule 9(b) a plaintiff must "state the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 777 (7th Cir. 1994)(quoting

in part *Bankers Trust Co. v. Old World Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir.1992)). In the instant action, MLI argues that it has alleged sufficient facts for Count III. MLI points to the allegations in paragraph 18 of its complaint in which it alleges that English and Litas, individually, and as officers of Dreamation, "represented to Manulife on multiple occasions that 1 Animation had sufficient funds to meet its obligations under the Lease." (ComaI. Par. 18). Such an allegation is too general to meet the particularity requirement. Paragraph 18 fails to specify which individuals made what representations and when they made them. Paragraph 18 also fails to specify the method utilized to convey the representations to MLI. Therefore, we grant Defendants' motion to dismiss Count III. Defendants' motion for a more definite statement as to Count III is denied as moot.

## CONCLUSION

Based on the foregoing analysis, we deny the motion to dismiss Count II and grant the motion to dismiss Count III. We deny both motions for a more definite statement.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 26, 2005