

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE MANUFACTURERS LIFE INSURANCE COMPANY (U.S.A.), a Michigan Corporation, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 04 C 8105<br>) |
| 1 ANIMATION NETWORK, INC., an Illinois Corporation, DREAMATION STUDIOS, INC., an Illinois Corporation, BROOKE ENGLISH and LEE LITAS, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss Count III. For the reasons stated below, we deny Defendants' motion to dismiss.

## BACKGROUND

Plaintiff Manufacturers Life Insurance Company ("MLI") alleges that on June 18, 2004, Defendant 1 Animation Network, Inc. ("Animation") entered into an agreement with MLI to lease a property in Buffalo Grove, Illinois ("Lease"). MLI

alleges that it acted as the landlord under the Lease and that the Lease term was from June 18, 2004 to June 30, 2011. MLI claims that Animation has not made any rent payments and that Animation owes MLI for past due rent and the security deposit amount. MLI also alleges that Defendants Dreamation Studios, Inc. ("Dreamation"), Brooke English ("English"), and Lee Litas ("Litas") are the alter egos of Animation. MLI contends that Animation and Dreamation were under the common control and management of English and Litas. MLI filed an original complaint in this action and on May 26, 2005, we granted Defendants' motion to dismiss the fraudulent inducement claim. MLI subsequently filed an amended complaint, which it had a right to do under the Federal Rules of Civil Procedure. Fed. R. Civ. Pr. 15(a). MLI includes in its amended complaint a breach of contract claim against Animation (Count I), a breach of contract claim against Dreamation, English, and Litas (Count II), and a fraudulent inducement claim against Dreamation, English, and Litas (Count III). Defendants have moved to dismiss the fraudulent inducement claim.

## LEGAL STANDARD

In ruling on a motion to dismiss, brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the

plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *See also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004)(stating that although the "plaintiffs' allegations provide[d] little detail. . . [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief."). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that a "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later."). The plaintiff need not allege all of the facts involved in the claim and

can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251.

## DISCUSSION

### I. Application of Federal Pleading Standard

Defendants seek the dismissal of the fraudulent inducement claim (Count III). Defendants first argue that "[i]n order to state a claim for fraudulent inducement under Illinois law, the Plaintiff must allege: (1) a false statement of material fact; (2) known or believed to be false by the person making it; (3) an intent to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damage to the other party resulting from such reliance." (Mem. 3). In support of such a proposition, Defendants cite *Havoco of America, Ltd. v. Sumitomo Corp. of America*, 971 F.2d 1332 (7th Cir. 1992). First of all, we note that,

4

despite the fact that Defendants have not included any quotation marks before or after the elements provided in Defendants' memorandum, the entire set of elements was taken word for word from *Havoco*. *Id.* at 1341. Secondly, Defendants have entirely misconstrued the holding in *Havoco*. Nowhere in *Havoco* did the court state that the plaintiff had to allege the above mentioned elements. Rather, the Court in *Havoco* was reviewing a district court's ruling on a summary judgment motion which addressed the evidence in that case rather than the pleadings in that case. *Id.* at 1335. The fact that the Court in *Havoco* was not dealing with rulings at the pleadings stage would have been clear had Defendants not selectively quoted portions of *Havoco* out of context, since the court in *Havoco* indicated that the plaintiff had "to prove by clear and convincing evidence" the elements for a fraudulent inducement claim. *Id.* at 1341. As is indicated above, under the current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan*, 40 F.3d at 251(stating that a "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later."). Thus, Defendants' arguments seek to have the court focus its analysis on an element by element basis is improper. It is sufficient that the allegations contained in the complaint allow for a reasonable inference that

there was fraudulent inducement, keeping in mind that for fraud claims, a plaintiff must plead with particularity. Fed. R. Civ. P. 9(b).

Defendants also argue that "[a]lthough normally a question of fact, a court can determine reasonable reliance as a matter of law 'when no trier of fact could find that it was reasonable to rely on the alleged statements or when only one conclusion can be drawn.'" (Mem. 3). Such arguments are straight from the summary judgment legal standard and are appropriate for a summary judgment motion rather than a motion to dismiss. The court cannot determine at the pleadings stage whether there was reasonable reliance in the absence of any evidence. Defendants cite *Tirapelli v. Advanced Equities, Inc.*, 813 N.E.2d 1138 (Ill. App. Ct. 2004) and *Rissman v. Rissman*, 213 F.3d 381 (7th Cir. 2000) in support of their positions, but in both cases the Court was reviewing a trial court's ruling on a motion for summary judgment rather than a motion to dismiss. 813 N.E.2d at 1139; 213 F.3d at 383. To the extent that Defendants seek to draw the court into an analysis of the merits of Defendants' claims rather than an analysis of whether MLI has stated a valid claim, Defendants' arguments are improper. *See Novogroder/San Bernardino, L.L.C. v. Cohen Realty Servs., Inc.*, 2000 WL 556621, at *2 (N.D. Ill. 2000)(stating that "[a] motion to dismiss tests the sufficiency of the complaint, not the merits of the suit.").

## II. No-Reliance Clause

Defendants' argue that the Lease contained a "no-reliance clause" that bars fraud claims such as Count III. Defendants point to Section 11(j) of the Lease ("Section 11(j)") as dispostive of MLI's fraudulent inducement claim. Section 11(j) provides the following:

> The Tenant acknowledges that there are no covenants, representations, warranties, agreements or conditions express or implied, collateral or otherwise forming part of or in any way affecting or relating to this Lease save as expressly set out in this Lease and Schedules attached hereto and that this Lease and such Schedules constitute the entire agreement between the Landlord and Tenant and *may not be modified except as herein explicitly provided or except by agreement in writing executed by the Landlord and the Tenant.*

(AC Ex. A, Lease Section 11(j))(emphasis added).

### A. Amendment of Section 11(j)

Defendants argue that "[i]f Plaintiff wanted to limit the effect of the no-reliance clause, then the Plaintiff should have obtained a written agreement to that effect pursuant to Section 11(j) of the Lease." (Mem. 9). Defendants then state that "*[h]aving failed to do so*, the Plaintiff cannot now deny that its fraud claim is barred by Section 11(j) of the Lease." (Mem. 9)(emphasis added). However, the complaint does not allege that MLI failed to obtain a written alteration of the Lease under

7

Section 11(j). Under the notice pleading standard, a plaintiff is not required to list all the facts in support of its claim and facts that are absent from a complaint must be reasonably inferred in favor of the non-movant MLI. *Thompson*, 300 F.3d at 753. Thus, at this stage we cannot presume in Defendants' favor that MLI did not validly amend the Lease in accordance with Section 11(j).

Defendants also argue that "[w]here a plaintiff attaches documents and relies upon the documents to form the basis for a claim or part of a claim, dismissal is appropriate if the document *negates the claim*." (Reply 3). However, the mere presence of Section 11(j) in the Lease that is attached to the complaint does not automatically "negate" MLI's fraud claim since it does not resolve the issue of whether or not MLI agreed with its tenant to amend the clause in accordance with Section 11(j). Thus, Section 11(j) is not dispositive for the fraudulent inducement claim.

Also, despite the absence of an allegation in the complaint indicating that MLI failed to amend the Lease in accordance with Section 11(j), Defendants seek to draw the court into making just such a conclusion. However, such a conclusion is beyond the scope of the court's inquiry, which is limited at this stage to a review of the allegations in the complaint and attached documents. *See Thompson*, 300 F.3d at 753(stating that "[t]he consideration of a 12(b)(6) motion is restricted solely to the

pleadings, which consist generally of the complaint, any exhibits attached thereto, and supporting briefs."). The Seventh Circuit has made it clear that the consideration of "[a]ny further pleadings would turn the motion into a 12(c) motion for judgment on the pleadings, or if additional evidence was relied upon or introduced, the motion would be converted into a 56(c) motion for summary judgment." *Id.* Thus, Defendants' statement that MLI did not obtain a written alteration of the Lease in accordance with Section 11(j) presents the court with matters that are beyond the scope of the amended complaint and the attached Lease and are therefore improper to consider under a Rule 12(b)(6) analysis. *See Conley*, 355 U.S. at 45-46 (stating that the allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."); *Krempel v. Martin Oil Marketing, Ltd.*, 1995 WL 733439, at *5 (N.D. Ill. 1995)(finding that motion to dismiss breach of contract claim was premature because "[t]o conclude that [the plaintiff] did not accept what [the defendant] argue[d] [wa]s an offer merely because [the plaintiff] did not allege in his complaint that he accepted it would be adjudicating facts even before the parties have adequately presented them."). Defendants' argument that MLI failed to seek to amend the Lease in accordance with Section 11(j) is an argument that would be more

appropriate for a motion for judgment on the pleadings or a motion for summary judgment at which point the court will not be limited to a review of the complaint and attached documents alone. We note that Defendants' instant motion cannot be construed as a motion for judgment on the pleadings because a motion for a judgment on the pleadings cannot be filed until after a defendant has filed an answer to the complaint. *See Northern Indiana Gun & Outdoor Shows*, 163 F.3d at 452 n.3 (stating that the main difference between a Rule 12(b) motion and a Rule 12(c) motion is that a Rule 12(b) motion may be filed before the answer to the complaint is filed, whereas, a Rule 12(c) motion may be filed "after the pleadings are closed but within such time as not to delay the trial."). Defendants have not yet filed an answer in the instant action to the amended complaint.

### B. Events in Amended Complaint that Are Consistent with Rule 11(j)

We also note that MLI's amended complaint portrays a series of events that are not inconsistent with the existence of Section 11(j) in the Lease. Thus, the mere existence of such a clause does not "negate" the fraudulent inducement claim at this stage as Defendants suggest. (Reply 3). MLI alleges that English and Litas, individually and as officers and directors of Dreamation falsely informed MLI that Animation had sufficient funds to meet its Lease obligations. (AC Count III Par.

18). Based upon such representations, MLI allegedly entered into the Lease with Animation. However, the fraudulent inducement claim alleges harm to MLI beyond simply entering into the Lease with Animation.

### 1. Early Termination of Existing Lease

MLI further alleges that it relied upon the allegedly false statements regarding Animation's financial status and negotiated an early termination of the existing lease. (AC Par. 21-22). Such a matter is not a matter that necessarily falls within the scope of the Lease. Since it can be inferred that such a matter was dealt with before the Lease with Animation was even formed, it can likewise be inferred that such a matter does not concern an amendment to the Lease with Animation that would bring Section 11(j) into play. Thus, Section 11(j) has no bearing on MLI's decision to terminate the existing lease early.

### 2. Preparations for Animation

MLI also alleges that it relied upon Defendants' allegedly false statements and MLI began preparing the premises for Animation. (AC Par. 21-22). It is not clear from the allegations of the complaint that MLI did not begin such preparations before the Lease was even signed. *See Thompson*, 300 F.3d at 753(stating that for a

Rule 12(b)(6) motion all facts must be construed in favor of the non-movant). Thus, if such actions were taken by MLI prior to the formation of the Lease agreement, MLI could not have been required to seek to amend the Lease under Section 11(j) of the Lease. Based upon all of the above analysis, it is clear that Defendants' arguments are premature at this juncture and we therefore deny Defendants' motion to dismiss Count III.

## CONCLUSION

Based on the foregoing analysis, we deny Defendants' motion to dismiss Count III.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 10, 2005